IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Smajo,<br><br>             Plaintiff,<br>v.<br><br>Midland Credit Management, Inc.; and DOES 1-10, inclusive,<br><br>             Defendant. | Civil Action No.: 1:11-cv-08992<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, David Smajo, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, David Smajo ("Plaintiff"), is an adult individual residing in Chicago, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Midland Credit Management, Inc. ("Midland"), is a California, business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California, 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff incurred a financial obligation in the approximate amount of $340 (the "Debt") to an Citibank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Midland Engages in Harassment and Abusive Tactics**

### FACTS

12. Within the last year, Midland has placed as many as eight (8) calls a day to Plaintiff's cellular telephone in an attempt to collect the Debt.

13. Plaintiff has told Midland on several occasions that he will not pay the Debt to Midland. Plaintiff has asked that Midland cease placing calls to his cellular telephone because he will not pay the Debt.

14. Midland has continued to place calls to Plaintiff despite his request that it not do so, often telling Plaintiff that it will not stop calling until he pays the Debt.

15. Midland has repeatedly threatened to take legal action against Plaintiff. No such action has been taken to date.

16. Midland has placed many calls to Plaintiff successively within a matter of minutes of each other. When Plaintiff asked Midland why it had placed so many calls to him, it responded by stating, "I'm going to keep calling you until I can speak with you."

17. Midland has placed calls to Plaintiff's girlfriend's cellular telephone after speaking with Plaintiff on several occasions and confirming that it had a correct telephone number for the Plaintiff.

18. Plaintiff asked that Midland never call his girlfriend's cellular telephone again. Midland has continued to do so despite Plaintiff's request.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the

Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt

27. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used

profane and abusive language when speaking with the consumer.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

35. Midland Credit Management, Inc., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

36. The Defendants' conduct violated 225 ILCS 425/9(a)(15) in that Defendants communicated with the Plaintiff or any member of the Plaintiff's family at such a time of day or night and with such frequency as to constitute harassment of the Plaintiff or any member of the Plaintiff's family.

5

37. The Defendants' conduct violated 225 ILCS 425/9(a)(15)(D) in that Defendants caused a telephone to ring or engaged the Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

38. The Defendants' conduct violated 225 ILCS 425/9(a)(16) in that Defendants used profane, obscene or abusive language in communicating with the Plaintiff, his or her family or others.

39. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

43. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Illinois.

44. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47. Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

48. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

49. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

50. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

52. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 20, 2011

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250 Ext. 5500
Facsimile:  (203) 653-3424

                    IL ARDC: 6283299
                    Attorney for Plaintiff